IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY R. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   19-cv-4-RJD |
| | ) |
| MATTHEW WINKA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Dismiss or in the Alternative, Continue Discovery Deadline (Doc. 83). For the reasons set forth below, the Motion is **GRANTED** as to Defendants' request to dismiss.

**Background**

Plaintiff Tracy Hopkins, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was subjected to a harassing strip search and Defendants retaliated against him when he filed grievances and reported the harassment.

Pursuant to the Scheduling and Discovery Order entered on July 31, 2019, discovery in this matter was to be completed by May 1, 2020. This deadline was continued to July 1, 2020 pursuant to Administrative Order No. 261, and it was again continued to September 3, 2020 by an order of this Court entered on July 6, 2020.

In the motion now before the Court, Defendants explain Plaintiff's deposition was initially

scheduled for April 21, 2020, but was cancelled due to restrictions set in place at Plaintiff's facility in response to the global COVID-19 pandemic. On May 7, 2020, Plaintiff filed a notice of change of address indicating he had been released from IDOC custody (*see* Docs. 77 and 78). Counsel for Defendants sent Plaintiff a letter on July 16, 2020, requesting Plaintiff contact her in order to schedule a deposition prior to August 1, 2020. Counsel did not receive any response. Counsel sent a second letter on August 11, 2020 and again, counsel did not receive any response.

Defendants filed the instant motion on September 2, 2020. On September 13, 2020, the undersigned received an email from Plaintiff indicating he had responded to counsel's letter on August 14, 2020, but sent his response to the wrong email address in error. In the email, Plaintiff asks that the Court allow for a continuance of the discovery deadline.

Upon receipt of Plaintiff's email, the Court set this matter for a telephonic status conference on October 6, 2020. Counsel for Defendants appeared, but Plaintiff failed to call-in (*see* Doc. 89). The Court issued an order to show cause directed to Plaintiff and ordered Plaintiff to explain why he failed to appear for the status conference (*see* Doc. 90). Plaintiff's response to the show cause order was due on October 20, 2020. Plaintiff has not filed any response.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v.*

*International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is warranted under Rule 41(b). Plaintiff has failed to engage in discovery with Defendants and has not yet sat for a deposition. Plaintiff has also failed to attend a conference set by the Court and respond to a show cause order, despite being warned that his failure to do so may result in the imposition of sanctions, including dismissal of this lawsuit. While the Court notes there may be lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this case. At this juncture, the discovery deadline passed on September 3, 2020 and dispositive motions were to be filed September 29, 2020. Defendants clearly cannot file a dispositive motion without Plaintiff's cooperation in being deposed. The Court is not inclined to expend significant resources, and require Defendants to do the same, if Plaintiff is not demonstrating diligence in pursuing this case. For these reasons, Defendants' Motion to Dismiss or in the Alternative, Continue Discovery Deadline (Doc. 83) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 22, 2020**

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**
